HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CRYSTAL HOWERY,

          Plaintiff,

    v.

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS,

          Defendant.

No. 14-cv-01814 RAJ

**DECLARATION OF RICHARD JACKSON
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

I, Richard Jackson, declare and state as follows:

    1.    I am a Business Representative and Chief of Staff for the International Association of Machinists and Aerospace Workers, District Lodge 751 ("Union").

    2.    The Union is the collective bargaining representative for the Puget Sound area production and maintenance employees employed by The Boeing Company ("Company"). (Jackson Decl.) The Company and Union are parties to a collective bargaining agreement. The contract provides for a grievance and arbitration procedure for the resolution of disputes arising under the contract. The contract also provides that employees may be discharged for "cause."

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

3.      Crystal has never been an employee of the Union.  Crystal Howery was employed by the Company in a represented position from December 2011 until June 2012.  During her tenure with the Company, I investigated several employment related issues on Crystal's behalf.

4.      Crystal first contacted me in February 2012, about a pay issue from December 2011.  Crystal informed me that she had attended a Company orientation session on December 2, 2011.  Crystal stated that she was not paid for attending this session and that she did not receive the $5,000 ratification bonus paid by the Company to all employees who were on the payroll on December 2, 2011.  I told Crystal I would look into her claims and get back to her.

5.      I immediately contacted Steve Morton, my counterpart at the Company in labor relations.  Steve indicated that he would look into the matter and get back to me.  Steve later informed that the Company extended an offer of employment to Crystal in November 2011 and that she was told to report to orientation on December 9, 2011.

6.      Despite having been told to report for orientation on December 9, 2011, Crystal showed up at the December 2, 2011 orientation.  I was informed by Company representatives that Crystal showed up late and was asked to take a seat so as not to disturb the presentation that was already in process.  I understand that Crystal was given a Union orientation packet and signed some generic Boeing forms.  Next, the Company representatives began handing out personalized documents to each attendee specifying which manager they were supposed to report to.  Because Crystal had arrived a week early, there was no form for her.  At this point, the Company realized Crystal was not supposed to be there and asked her to leave and come back the next week.  Crystal officially began work on December 9, when she returned for her scheduled orientation.  Because Crystal was not on the payroll on December 2, 2011, Crystal did

DECLARATION OF RICHARD JACKSON
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 2

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

1   not receive the ratification bonus.  Crystal also was not paid for the time she spent at the first

2   orientation.

3         7.     I obtained copies of the rosters for the December 2 and the December 9

4   orientation sessions.  Crystal was listed as being scheduled to attend the December 9th

5   orientation.  Crystal was not listed as a scheduled attendee at the December 2nd session.

6   Company records show that Crystal did not clock in for work in the days following the

7   December 2nd orientation.  The first day that she clocked in for work was on Monday, December

8   12, 2011, after she attended the Friday, December 9, 2011 orientation session.

9         8.     I concluded that Crystal started work on December 9, 2011.  This start date

10  rendered her ineligible for the $5,000 ratification bonus.  In addition, I did not think the Union

11  had a good claim for her to be paid for the time she spent at the December 2nd orientation

12  session.  She was not scheduled by the Company to attend the December 2nd session and had

13  decided to do so on her own volition.  I did not think a grievance challenging either the failure to

14  pay for her time at the orientation session or the failure to pay the bonus would be successful.  I

15  sent Crystal a letter informing her that I had investigated her complaint concerning her

16  attendance at new hire orientation and that I had concluded that there was not sufficient merit to

17  warrant further action.  The letter informed Crystal that she could appeal my decision to the

18  Union President, Tom Wroblewski.

19        9.     Crystal appealed my decision to Tom.  Tom sent me a copy of the materials

20  Crystal submitted in support of her appeal.  I informed Tom that the materials did not change my

21  analysis of the merits of her complaints.

22        10.    The next issue that I heard about involving Crystal was in March.  Shortly after

23  beginning work, Crystal notified the Company that she had medical restrictions and needed an

DECLARATION OF RICHARD JACKSON
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 3

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

accommodation. The Company accommodated Crystal by providing her a scooter. At some point, the Company gave Crystal a different scooter. Crystal complained that the new scooter did not satisfy her medical restrictions. Crystal was subsequently placed on a leave of absence until a fitness for duty examination could be performed and a decision reached about her restrictions and any necessary accommodations

11.     Crystal's fitness for duty examination was originally scheduled for April 9, 2012, but was subsequently rescheduled to May 10, 2012, at her request. Crystal was two hours late for the exam. When she arrived, Crystal refused to sign the form authorizing the independent medical examiner to release the results of the exam to the Company. As a result, no exam took place. The Company had to pay for the missed exam.

12.     On May 31, 2012, the Company sent Crystal a letter informing her that she would be terminated unless she did two things: (1) signed the informed consent form by June 7 and (2) attended a fitness for duty exam on June 12. A true and correct copy of that letter is attached as Exhibit A. Crystal submitted an altered informed consent form on June 7. A true and correct copy of the form submitted by Crystal is attached as Exhibit B. Crystal had crossed out every line of text on the form and typed in her own language in the margins. In the language that she typed, the Plaintiff agreed to attend the fitness for duty exam, but did not authorize the release of the test results to the Company.

13.     The Company left Crystal a voicemail at 2:34PM on June 7, 2012, and sent Crystal an email on June 7, 2012, at 2:46PM, informing her that if she did not submit a signed consent form with no alterations by the end of second shift, then her employment would be terminated. A true and correct copy of the email is attached as Exhibit C. Crystal did not submit the form and was terminated the next day.

DECLARATION OF RICHARD JACKSON
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 4

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

1    14.    I looked into both the Company's decision to place Crystal on a leave of absence

2  and her eventual termination.  I concluded that the Company did not violate any term in the

3  collective bargaining agreement by placing her on a leave of absence.  In my opinion, the

4  Company had a legitimate interest in ensuring that Crystal was capable of safely performing her

5  duties and the necessity for any accommodation.  As to the termination, the Company had clearly

6  informed Crystal of what she had to do to stay employed.  Crystal had repeatedly failed to do

7  what was required.  I thought the Company's requirement that she release the results of the

8  fitness for duty examination was reasonable and that Crystal's failure to do so was "cause" for

9  10  termination.

11    15.    I sent Crystal a letter informing her of my decision and advising her of her appeal

12  rights.  Crystal appealed this decision and it went through the same appeal process.  There was

13  nothing in her appeal materials that changed my mind about the merits of a grievance.

14    16.    I handled Crystal's issues in the same way that I handle issues for all members.  I

15  did not treat her differently in any way.  I understand that Crystal is alleging that the Union

16  discriminated against her on the basis of her race, sex, age, disability, and other characteristics.  I

17  am an African-American male.  I would never discriminate against a member on the basis of

18  19  these characteristics.  I investigated all of the issues that Crystal brought to my attention.  My

20  decision not to pursue any of her issues was based on the facts and my conclusion that none of

21  her issues amounted to violations of the contract.  Her race, sex, age, disability, and other

22  characteristics were immaterial.

23    I declare under penalty of perjury under the laws of the State of Washington that the

24  foregoing is true and correct to the best of my knowledge and belief.

25

DECLARATION OF RICHARD JACKSON
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 5

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

1    Signed in Seattle, Washington this 19th day of August, 2015.

2

3

4                                    Richard Jackson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF RICHARD JACKSON
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 6

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 20th, 2015, I electronically filed the foregoing **DECLARATION OF RICHARD JACKSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

> Crystal Howery
> 584 Castro Street
> San Francisco, CA 94114
> Email: acluplaintiff@hotmail.com

> s/Kristina Detwiler
> Kristina Detwiler, WSBA No. 26448
> Robblee, Detwiler & Black, P.L.L.P.
> 2101 Fourth Avenue, Suite 1000
> Seattle, Washington 98121
> Telephone: 206-467-6700
> Facsimile: 206-467-7589
> Email: kdetwiler@unionattorneysnw.com

> Attorneys for Defendant Union

CERTIFICATE OF SERVICE - 1

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW
============================
2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
206.467.6700 · 206.467.7589 facsimile