1

2

3

4

5

6

7

8

9

10

11

12

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

13

14

15

16

17

18

19

20

CRYSTAL HOWERY,

               Plaintiff,

     v.

INTERNATIONAL ASSOCIATION
OF MACHINSISTS AND
AEROSPACE WORKERS,

              Defendants.

CASE NO. C14-1814 RAJ

ORDER

21

22

23

24

25

26

27

**I. INTRODUCTION**

     This matter comes before the court on the motions of defendant International Association of Machinists and Aerospace Workers ("the Union") for failure to prosecute (Dkt. # 53) and for summary judgment (Dkt. # 60).  For the reasons stated below, the motions are GRANTED.

ORDER- 1

1          **II. BACKGROUND**

2  **A.   Procedural History**

3          Ms. Howery initiated this action in the Northern District of California by filing a

4  complaint which appears to allege wrongful termination of some kind.  (Compl.) Dkt. #

5  1.  Ms. Howery was formerly employed by the Boeing Company and represented by the

6  Union.  (Jackson Decl.) Dkt. # 17.  The Union moved to dismiss the complaint for lack of

7  personal jurisdiction and improper venue.  (Mot.) Dkt. # 16.  The Honorable William

8  Alsup, United States District Court Judge, was not persuaded by the jurisdictional

9  argument, but granted the motion based upon improper venue.  (Order) Dkt. # 41.

10  Because Ms. Howery worked at the Boeing plant in Washington, engaged in dealings

11  with the Union in Washington and was terminated in Washington, Judge Alsup ordered

12  the case transferred to this court.  *Id.*, p. 4.

13          Based upon counsel's declaration, it appears that the Union has attempted to

14  schedule Ms. Howery's deposition, but has been unable to reach her despite sending six

15  separate emails and calling Ms. Howery on six separate occasions.  (Detwiler Decl.) Dkt.

16  # 54, ¶¶ 2, 3.  Ms. Howery has also failed to provide initial disclosures, despite multiple

17  requests from opposing counsel.  *Id.*, ¶ 5.  She has also failed to adequately respond to

18  discovery and failed to propound any discovery of her own or schedule any depositions.

19  *See, e.g.*, (Reply to RFAs) Dkt. # 55.  On July 9, 2015, the Union filed a motion to

20  dismiss for failure to prosecute (Dkt. # 53) and on August 20, 2015 filed a motion for

21  summary judgment (Dkt. # 60).

22  **B.   Factual Allegations**

23          Ms. Howery's complaint includes allegations regarding the termination of her

24  employment from Boeing and the Union's representation of her during that process.

25  (Compl.) Dkt. # 1.  She states that the "action is brought pursuant to Title VII of the Civil

26  Rights Act of 1964 for employment discrimination."  *Id.*, ¶ 3.  She then goes on to state:

27  "I was not paid for my hourly work.  I was also denied a bonus.  Requests for reasonable

1   accommodation were denied.  I was harassed.  I was placed on leave without pay.  I was

2   terminated.  Throughout all of this, I requested grievances and arbitration but was

3   repeatedly denied." *Id.*, ¶¶ 6, 7.  The acts she complains of include the following:

4   "Refusal to grieve, arbitrate, intervene or fairly represent union member when Boeing:

5   Harassed and Retaliated against union member for opposing and reporting discriminatory

6   practices as well as for participating in investigations regarding discrimination, including

7   violations of: the Lilly Ledbetter Fair Pay Act; the Americans with Disabilities Act; the

8   Age Nondiscrimination Act; the Equal Pay Act; and other violations of the law." *Id.*,¶ 4.

9                                  **III. ANALYSIS**

10  **A.    Motion for Summary Judgment and Motion to Dismiss for Failure to Prosecute**

11         Summary judgment is appropriate if there is no genuine dispute as to any material

12  fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

13  56(a).  The moving party bears the initial burden of demonstrating the absence of a

14  genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On

15  an issue where the nonmoving party will bear the burden of proof at trial, the moving

16  party can prevail merely by pointing out to the district court that there is an absence of

17  evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the

18  moving party meets the initial burden, the opposing party must set forth specific facts

19  showing that there is a genuine issue of fact for trial in order to defeat the motion.

20  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

21         Here, it is difficult to decipher what claims Ms. Howery is pursuing against the

22  Union.  She refers generally to a Title VII discrimination claim, but the complaint also

23  refers to the Lilly Ledbetter Fair Pay Act, the Americans with Disabilities Act, the Age

24  Discrimination in Employment Act, the Civil Rights Act, the Genetic Information

25  Nondiscrimination Act, the Equal Pay Act and other violations of the law.  (Compl.) Dkt.

26  # 1, ¶ 4.  She also states that the "defendant's conduct is discriminatory with respect to

27

ORDER- 3

1 | the following:" race or color, religion, sex, national origin, disability, genetic

2 | information, age, and retaliation for opposing discriminatory practices. *Id.*, ¶ 5.

3 |       The only facts stated in support of these claims appear to address conduct by

4 | Boeing, not by the Union.  For example, Ms. Howery states that she was not paid for her

5 | hourly work, was denied a reasonable accommodation, was harassed, was placed on

6 | leave without pay and finally was terminated.  *Id.*, ¶ 6.  The Union, however, did not act

7 | as Ms. Howery's employer and accordingly cannot be liable for the aforementioned acts.

8 |       With respect to a possible claim against the Union for breach of the duty of fair

9 | representation, Ms. Howery simply states that she "requested grievances and arbitration

10 | but was repeatedly denied." *Id.*  A union breaches its duty only if its actions are

11 | "arbitrary, discriminatory or in bad faith." *Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d

12 | 1270, 1272 (9th Cir. 1983) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).  Ms.

13 | Howery alleges no facts which would meet this standard and presents absolutely no

14 | evidence in support of such a claim.  Additionally, there is a six month statute of

15 | limitations for a duty of fair representation claim. *Galindo v. Stoody Co.*, 793 F.2d 1502,

16 | 1509 (9th Cir. 1986).  Ms. Howery, however, has failed to allege any facts or present any

17 | evidence which would show that her claim is timely.

18 |       As set forth in the Union's motion for summary judgment and supporting

19 | declarations, there is an absence of evidence to support any possible claims stated in

20 | plaintiff's complaint.  (Mot.) Dkt. # 60.  Plaintiff has failed to file an opposition to the

21 | motion and, indeed, it appears that she has abandoned her case against the Union. *See*

22 | Local Civ. R. 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such

23 | failure may be considered by the court as an admission that the motion has merit.").  Ms.

24 | Howery has failed to respond to emails and phone calls regarding the scheduling of her

25 | deposition, has failed to provide initial disclosures, has failed to propound discovery, and

26 | has failed to provide adequate discovery responses.  (Detwiler Decl.) Dkt. # 54, ¶¶ 2, 3, 5.

27 | Although, Ms. Howery denies these allegations, her denial consists of a single conclusory

ORDER- 4

1  sentence.[1]  (Opp.) Dkt. # 57, p. 2.  She does not bother to explain what discovery she has

2  produced and what attempts she has made to schedule her deposition.  Nor does she

3  bother to respond to the merits of the Union's motions.

4         Because plaintiff has failed to engage in this litigation in any meaningful manner,

5  the court GRANTS the Union's motion to dismiss for failure to prosecute (Dkt. # 53) and

6  the Union's motion for summary judgment (Dkt. # 60).

7                              **IV. CONCLUSION**

8         For all the forgoing reasons, the Union's motions to dismiss for failure to

9  prosecute (Dkt. # 53) and for summary judgment (Dkt. # 60) are GRANTED.  Plaintiff's

10  complaint is DISMISSED WITH PREJUDICE.  The clerk is directed to close this case

11  and to enter judgment in favor of defendant and against plaintiff.

12         Dated this 15th day of September, 2015.

13

14

15  _____

16  The Honorable Richard A. Jones
    United States District Judge

17

18

19

20

21

22

23  ───────────────────

24        [1] Although Ms. Howery advised the court that she planned to file a motion for default

25  judgment against the Union, she never did so.  (Opp.) Dkt. # 57.  In any case, the court would
    have denied such a motion.  Ms. Howery could only obtain a default judgment if the Union had

26  "failed to plead or otherwise defend" the action.  Fed. R. Civ. P. 55(a).  Here, the Union
    appeared and actively defended the action by filing a motion to dismiss and motion for summary

27  judgment.

ORDER- 5